**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**William R. MEREDITH, Respondent.**

**No. 88–SC–113–KB.**

Supreme Court of Kentucky.

June 30, 1988.

Reconsideration Denied July 22, 1988.

Bruce K. Davis, Director, Kentucky Bar Ass'n, Susan F. Stivers, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

William H. McCann, Barbara B. Edelman, Wyatt, Tarrant & Combs, Lexington, for respondent.

WINTERSHEIMER, Justice.

Meredith is charged with two counts of unethical conduct. Count I claims that he engaged in a sexual relationship with a client while representing her and that relationship impaired his professional judgment. Count II charges Meredith with revealing confidences he gained during the attorney-client relationship; using the confidences to the disadvantage of his client and creating a conflict of interest.

The charges were filed by the client who is the mother of a 9–year–old child born out-of-wedlock to a Lexington corporate attorney who is now deceased. The circumstances involve approximately ten lawsuits including a dispute over attorney fees in a million dollar lawsuit, proceedings to remove the mother as the guardian of the estate of the child and finally this disciplinary proceeding. Some aspects of this case have received considerable media attention. The KBA Board of Governors voted 16–0 not to prefer disciplinary charges.

Meredith was employed in September, 1982 and had his client sign three contracts. He was hired to represent her individually and as guardian and mother of the infant in various legal matters resulting from the death of the child's natural father.

Meredith admits that after he was employed, he became sexually involved with his client. The evidence taken by the KBA Inquiry Tribunal and the trial commissioner indicate that Meredith began to overreach his client as a result of his romantic involvement. Meredith was discharged as counsel on January 3, 1985, and on January 29, he filed an affidavit with the district court to have his client, the mother, removed as guardian of her daughter. The mother had not given Meredith permission to reveal any information contained in the affidavit which he filed in the district court. Meredith said he had never requested her permission and had not received her consent to reveal the information contained in the affidavit. He admitted that the information given to the judge was obtained during his attorney-client relationship. Meredith testified that he conferred with the district judge *ex parte*, and he also testified that he did not believe there was any ethical question involved.

The factual situation involved here was triggered by the death of the infant child's real father. When he died, he had two wills, one leaving everything to his wife and the other leaving $100,000 each to the child and the mother of the child. The second will was rejected for probate for lack of proper execution. The mother had

originally hired one lawyer to represent her but released him and hired Meredith. Various lawsuits ensued from the killing of the father and Meredith represented the mother individually and as guardian of the infant child.

Upon a careful review of the record, this Court finds that Meredith violated Disciplinary Rules 1–102(A)(6) and 5–101(A) of the Code of Professional Responsibility as adopted by the Supreme Court of Kentucky under SCR 3.130. DR 1–102(A) provides in part that a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law. DR 5–101(A) provides that a lawyer shall not accept employment, except with the consent of his client and after full disclosure, if the exercise of his professional judgment will be or reasonably may be affected by his own personal interests. The trial commissioner found that the relationship between Meredith and the mother could also affect her credibility as a witness and that counsel should have been aware of this factor. Here, Meredith was not only representing the interests of the mother, individually, but also the interests of the mother as guardian of her infant daughter. These interests were not the same in all of the lawsuits involved. Consequently, there was reasonable probability that the lawyer's personal and emotional involvement with the mother could have adversely affected the advice or services rendered during his employment.

Meredith also violated Disciplinary Rules 4–101(B) and (C) of the Code of Professional Responsibility. DR 4–101(B) and (C) provide in part that confidences may not be revealed by an attorney without the consent of his client. A review of the record indicates that Meredith revealed information and confidential material which he obtained while he was employed as counsel representing the mother. The obligation of a lawyer to preserve the confidential information he obtained as counsel continues even after his termination as attorney.

On January 29, 1985, Meredith filed an affidavit in the district court to have the mother removed as guardian of her infant daughter. The mother never gave Meredith permission to reveal the information contained in the affidavit. Meredith himself stated that he never requested permission, nor received her consent, to give the information. He admitted that the affidavit was based on information he obtained during his attorney-client relationship. Therefore, he took adverse action to the interests of his former client which involved the same or substantially the same subject matter as his prior legal representations.

An attorney cannot be permitted to make use of information or knowledge obtained through his professional relationships.

The overriding problem is the manner in which Meredith had the mother removed as guardian. Clearly, he should have either filed a motion with notices to the parties in district court before attempting to file any affidavit or sought some guidance from the Ethics Committee of the KBA. We consider this to be a serious failure in judgment which brings the legal profession into disrepute. He might have also sought the court's permission before attempting to file the affidavit. He could have told the court that he had a concern about the interests of the child and that he had previously represented the mother and that confidential information was involved. At that point the court could have conducted a hearing and counsel would not have been put in a compromising situation.

It is the decision of this Court that William R. Meredith should receive a public reprimand for his lack of professional judgment.

STEPHENS, C.J., and STEPHENSON and VANCE, JJ., concur.

GANT, LAMBERT and LEIBSON, JJ., dissent and would follow the Kentucky Bar Association's recommendation not to prefer charges.